UNITED STATES

v.

Airman Basic Michael S. NEER, FR 343–58–7163, United States Air Force.

ACM S24810.

U. S. Air Force Court of Military Review.

11 April 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

In trial by special court-martial, the accused was found guilty of transferring marijuana, being disorderly in station and violating a general regulation by having a firearm in his bachelor living quarters, violations of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C.A. §§ 892, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, and forfeiture of $279.00 per month for six months.

Appellate defense counsel contend that the search of accused's locker in which the firearm was found was unlawful. We agree.

The accused was scheduled for an inspection to determine whether he had the required military uniforms to be turned in at the time of his administrative discharge. During the inspection, the executive officer, first sergeant and several others who were to observe the inspection procedure were in the accused's room. The first sergeant conducted the inspection and, as the accused would remove a required item from his locker the sergeant would check the item off the inventory list. While the accused was removing some clothing, a noise, described as "scraping metallic," was heard from within the locker. The executive officer asked, "What was that?", and before any response, ordered the accused to "Bring it out." After some hesitation the accused removed a pistol from the locker and placed it on the bed.

■ The private possessions of a member of the military, like that of a private citizen, are not open to indiscriminate or unreasonable search for evidence of criminal misconduct. *United States v. Kazmierczak,* 16 U.S.C.M.A. 594, 37 C.M.R. 214 (1967); *United States v. Battista,* 14 U.S.C.M.A. 70, 33 C.M.R. 282 (1963). Military searches, like civilian ones, must be reasonable, and normally are properly authorized and founded on probable cause. Manual for Courts-Martial, 1969 (Rev.), paragraph 152. But aside from searches, members of the military may be required to submit to certain administrative inspections of their personal effects, provided the inspections as carried out by the Government are reasonable and based upon and limited to a legitimate military need. *United States v. Kazmierczak, supra; United States v. Hay,* 3 M.J. 654 (A.C.M.R.1977). Evidence of criminal conduct uncovered within the proper scope of such inspections is admissible in subsequent criminal proceedings. *United States v. Welch,* 19 U.S.C.M.A. 134, 41 C.M.R. 134 (1969); *United States v. Klis,* 42 C.M.R. 738 (A.C.M.R.1970).

■ We find that the inspection in this case served a legitimate military need and was reasonable. However, when the executive officer chose to investigate the source of the "metallic scraping," he exceeded the scope of his inspection authority. See *United States v. Grace,* 19 U.S.C.M.A. 409, 42 C.M.R. 11 (1970). His intrusion into the locker, by ordering the accused to remove whatever made the noise, had no basis in military need and therefore unlawfully infringed upon the accused's right to personal privacy. *United States v. Kinane,* 1 M.J. 309 (C.M.A.1976). *United States v. Hay, supra.* The evidence obtained as a result of this intrusion is inadmissible. Accordingly, the findings of guilty as to Charge I and its Specification are set aside and ordered dismissed.

■ Reassessing the sentence based on the remaining findings of guilty and the entire record, we find appropriate only so much thereof as extends to a bad conduct discharge, confinement at hard labor for six months and forfeiture of $279.00 per month

for three months. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

HERMAN, Senior Judge, and MILES, Judge, concur.